\

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Miclaus Radu Bogdan,** ) | **CASE NO. 1:18 CV 2436** |
| ) | |
| Petitioner, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | |
| **USA,** ) | **Memorandum of Opinion and Order** |
| ) | |
| Respondent. ) | |

Before the Court is a petition for a writ of habeas corpus filed by Miclaus Radu Bogdan ("Bogdan") pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner is a pretrial detainee at the Cuyahoga County Jail, and alleges that the Respondent has violated his rights under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment with respect to the conditions of his confinement.[1] *Id*. at 2. He seeks sixty-five million dollars in damages. *Id*. at 7.

Included with the Petition is Bogdan's request to proceed with this action *in forma pauperis*, which the Court construes as a motion. Doc. 1-1. That motion is granted.

Federal district courts are required to promptly review habeas corpus petitions and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" Rule 4 of the Rules Governing

---

[1] Bogdan has filed two other § 2241 petitions in this Court challenging conditions of confinement at the Cuyahoga County Jail: Case Nos. 1:18 CV 2538 and 1:18 CV 2577.

2254 Cases.² Having conducted the required review, the Court concludes that the instant action must be dismissed because the Petitioner is not entitled to habeas corpus relief.

Bogdan's petition challenges the conditions of his confinement at the Cuyahoga County Jail. Specifically, he claims that: (1) two people are kept in a cell designed for one person, (2) his pod is kept under lock-down, and (3) he is not permitted to shower daily. Doc. 1 at 6.

Section 2241 petitions are "reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of confinement." *Velasco v. Lamanna*, 16 F. App'x 311, 314 (6th Cir. 2001) (citing *Cohen v. United States,* 593 F.2d 766, 770-71 (6th Cir. 1979); *see also Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (affirming district court's dismissal of § 2241 petition challenging conditions of confinement because § 2241 is not the proper vehicle for such challenges) (citing *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004) (holding that the district court should dismiss a § 2241 petition alleging delay and denial of medical treatment without prejudice so the state petitioner could refile as a § 1983 claim) and *Sullivan v. United States,* 90 F. App'x. 862, 863 (6th Cir. 2004) (construing conditions -of-confinement claims as properly brought in a civil action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971)).

---

² Rule 4 is applicable to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases.

Bogdan's petition challenging the conditions of his confinement at the Cuyahoga County Jail does not raise a cognizable claim for relief under 28 U.S.C. § 2241, and is dismissed without prejudice pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing 2254 Cases.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 1/7/19